

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00305-CR

| | | |
|---|---|---|
| Oscar Trevino | § | From the 213th District Court |
| | § | of Tarrant County (1161478D) |
| v. | § | January 10, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00305-CR**
**NO. 02-11-00306-CR**
**NO. 02-11-00307-CR**
**NO. 02-11-00308-CR**

OSCAR TREVINO                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Oscar Trevino pled guilty to three counts of burglary of a habitation and one count of aggravated robbery, all containing a repeat offender allegation. The trial court sentenced him to twenty years' confinement for the aggravated

---

[1]*See* Tex. R. App. P. 47.4.

robbery conviction and to fifteen years' confinement for each burglary conviction, with all sentences to be served concurrently.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.[3] Although provided the opportunity, Appellant did not file a pro se response to the *Anders* brief, and the State likewise declined to file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See Stafford*, 813 S.W.2d at 511.

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

plea in each case, error that is not independent of and supports the judgment of guilt in each, and error occurring after entry of each guilty plea.[6]

We have carefully reviewed counsel's brief and the appellate records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the appellate records that arguably might support these appeals.[7] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 10, 2013

---

[6] *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

[7] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).